UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CENTER FOR BIOLOGICAL
DIVERSITY, SIERRA CLUB, SOUTH
FLORIDA WILDLANDS ASSOCIATION,
WILDLANDS CPR and BRIAN
SCHERF,

        Plaintiffs,

v.                                              Case No: 2:13-cv-364-FtM-38DNF

SALLY JEWELL and JONATHAN B.
JARVIS,

        Defendants.
_____/

## ORDER[1]

      This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Douglas N. Frazier Recommending that the Defendant's Motion to Dismiss or Stay the Case be Denied (Doc. #41) filed on January 9, 2014. The Defendants S.M.R. Jewell and Jonathan B. Jarvis filed their Objections to the Report and Recommendation (Doc. #42) on January 23, 2014. The Plaintiffs filed their Response in Opposition to the NPS's Objection (Doc. #45) on February 12, 2014. For the reasons stated in this Order the Court affirms and adopts the position of the United States Magistrate Judge and denies the Motion to Dismiss or Stay the case.

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

"After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation." Nat'l Parks Conservation Ass'n v. U.S. Dept. of Interior, No. 2:11-cv-578-FtM-29SPC, 2012 WL 3590061 *1 (M.D. Fla. Aug. 20, 2012) (citing 28 U.S.C. § 636(b)(1)); U.S. v. Powell, 628 F.3d 1254, 1256 (11th Cir.2010). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c); see also U.S. v. Farias–Gonzalez, 556 F.3d 1181, 1184 n. 1 (11th Cir.2009). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir.1990) (quoting H.R. 1609, 94th Cong., § 2 (1976)). The district review legal conclusions *de novo,* even in the absence of an objection. Nat'l Parks Conservation Ass'n, 2012 WL 3590061 at *1 (citing Cooper-Houston v. Southern Ry Co., 37 F. 3d 603, 604 (11th Cir. 1994)).

## DISCUSSION

On September 20, 2014, the National Park Service (NPS) filed a Partial Motion to Dismiss (Doc. #41) four of the Plaintiffs' five (5) claims as prudentially moot or in the alternative to stay the entire Complaint under the doctrine of primary jurisdiction. Judge Frazier issued his Report and Recommendation denying the Partial Motion to Dismiss or Alternatively to Stay. The NPS now files its Objections to the Report and Recommendation arguing (1) the Report and Recommendation fails to consider the important facts and places too much weight on the Plaintiffs' alleged evidence; (2) the Report and Recommendation fails to address relevant law regarding prudential mootness

and improperly dismisses the NPS's ongoing NEPA process on the basis that the NPS is voluntarily preparing an Environmental Impact Statement (EIS); and (3) the Report and Recommendation fails to weigh the appropriate factors to be considered in determining whether to apply the doctrine of primary jurisdiction, all of which weigh in favor of a stay. The Court will address each objection in order.

*(1) Whether the Report and Recommendation Fails to Consider Important Facts*

The NPS challenges the Report and Recommendation arguing the Magistrate Judge failed to consider the history of the Preserve specifically that the trails were open to off road vehicle (ORV) use for decades prior to the Big Cypress National Preserve (Preserve) being created by act of Congress in 1974 and before the 2000 ORV Plan was created. The issue before the Court is not how the secondary trails were used in the past or even how the 85 miles of secondary trails at issue might impact the Preserve. The issue is whether or not the National Park Service (NPS) followed the procedures set forth in the environmental statutes (NEPA), Federal Regulations, Executive Orders 11644 and 11989, and conducted an EIS with the U.S. Fish and Wildlife Service concerning the effects of the 85 miles of ORV secondary trails within the Preserve prior to re-opening the trails for public use. While it is true that some of the secondary trails will remain open to accommodate property owners—owners who need access to their land— regardless of any future closings, this does not change the issue. The objection that the Report and Recommendation did not consider the use of the trails prior to the establishment of the ORV plan is overruled.

The NPS also argues the Report and Recommendation ignored provisions in the ORV Management Plan that allows the National Park Service to review the subject 85

3

miles of secondary trails now opened and to subsequently close any that may cause environmental damage. The NPS argues the ORV Plan gives the NPS the authority to review and close trails as needed. Thus, the NPS states the Report and Recommendation erred in determining that there was no protection for the Preserve against the damage that could be caused by the 85 miles of secondary trails as the ORV Management Plan provides protection against the adverse effects.

According to the 2000 ORV Plan, the NPS may close trails that are causing negative impact on the Preserve. However, here the NPS opened 85 miles of secondary trails without first considering the impact to the Preserve. The CEQ regulations require a supplemental environmental analysis whenever "the agency makes substantial changes in the proposed action that are relevant to environmental concerns." Defenders of Wildlife, 877 F. Supp. at 1300 (citing 40 C.F.R. § 1502.9(c)(1)(i)). In this case, the opening of 85 miles of secondary trails in the Tucker and Corn Dance Units of the Preserve constitutes a significant change to the ORV Plan. See Defenders of Wildlife, 877 F. Supp. at 1300 (finding that opening 34 miles in the Bear Island Unit of the Big Cypress Preserve was significant change).

Under NEPA, federal agencies are required to document the potential environmental impacts of significant decisions before they are made, thereby ensuring that environmental issues are considered by the agency and that important information is available to the larger audience that may help make the decision or will be affected by it. Defenders of Wildlife v Salazar, 877 F. Supp. 2d 1271, 1294-95 (M.D. Fla. 2012) (citing Wilderness Watch v. Mainella, 375 F. 3d 1085, 1094 (11th Cir. 2004)). Here, the NPS

made a determination about opening the 85 additional miles of secondary trails before performing any NEPA analysis and now offers to follow NEPA after the fact.

While it may be true that the NPS has the authority to close any of the newly opened 85 miles of secondary trails, NEPA required that NPS review the action and prepare an EIS prior to opening the trails. Defenders of Wildlife, 877 F. Supp. at 1300. Thus, the Report and Recommendation did not err by not considering the authority given to the NPS in the ORV Management Plan to close trails that may be deemed to cause a negative impact on the Preserve's environment because that is not the issue in this case. The issue, as noted above, is whether or not the NPS complied with the requirements of NEPA and other Federal Rules that require an EIS be prepared prior to the opening of the new trails.

The mere fact that the NPS has the authority to close the trails is insufficient protection for the Preserve because the NPS has made it clear that it will keep the secondary trails open during the NEPA and consultative process.  Furthermore, the Report did note that should the NPS close the trails, the case would then become prudentially moot but also qualified the fact that the NPS' voluntary review process can be stopped at any time.  Therefore, the NPS's objection that the Magistrate Judge did not consider the fact that the NPS can close the trails at any time is overruled.

The NPS also argues that the Report and Recommendation improperly relies on the report of Matthew Schwartz.  The NPS states that Schwartz improperly offered a scientific opinion that he was not qualified to offer.  Schwartz offered his opinion that the re-opened secondary trails were having a negative impact on the environment within the

Preserve. To support his opinion, Schwartz provided a sworn affidavit and provided photographs taken within the preserve showing what he deemed to be damage.

Schwartz was not offered as an expert but a layman giving lay opinion based upon his twenty (20) years of experience as a tour guide in the Preserve. Federal Rule of Evidence 701, allows lay witness testimony on matters of common knowledge that traditionally have been the subject of lay opinions, or testimony based upon the lay witnesses particularized knowledge garnered from years of experience within the field. Blanco v. Capform, Inc., No. 11-23508-Civ, 2013 WL 118171, *1 (S.D. Fla. Jan. 9, 2013) (citing Tampa Bay Shipbuilding & Repair Co. v. Cedar Shipping Co., Ltd., 320 F.3d 1213, 1223 (11th Cir.2003)). The opinion of the lay witness Matthew Schwartz is proper based upon Schwartz's perceptions and twenty (20) years of experience of working and providing tours in the Preserve. As such, the objection that Schwartz's opinion was improper is overruled.

*(2) Whether the R & R Addressed Relevant Law Regarding Prudential Mootness*

The NPS objects to the Report and Recommendation's finding that the case is not prudentially moot. The NPS argues that the Report and Recommendation's finding ignores the relevant case law. If a case becomes moot under Article III, then a court no longer has subject matter jurisdiction over the action. Sierra Club v. U.S. Army Corps of Engineers, 277 Fed. App'x. 170, 172 (3d Cir. 2008). "Under the prudential mootness doctrine, however, the court may decline to exercise its discretion to grant declaratory and injunctive relief if the controversy is 'so attenuated that considerations of prudence and comity for coordinate branches of government counsel the court to stay its hand, and to withhold relief it has the power to grant.'" Id. (citing Chamber of Commerce v. U.S.

Dep't of Energy, 627 F.2d 289, 291 (D.C. Cir. 1980)) (additional citations omitted); see also Ingaseosas Intern. Co. v. Aconcagua Investing Ltd, 479 Fed. App'x. 955, 962 (11th Cir. July 5, 2012). The central question relating to the issue of prudential mootness is whether factual or legal changes since the inception of the lawsuit have made the court unable to provide any meaningful relief. Sierra Club, 277 Fed. App'x. at 172-73.

While the NPS argues the Court ignored the relevant law, the Report and Recommendation relied on the Opinion and Order of the Honorable John E. Steele in Defenders of Wildlife v. Salzar, 877 F. Supp. 2d 1271, 1286-87. In Defenders of Wildlife, environmental advocates brought action under NEPA and the APA challenging the decision of the NPS to reopen motorized ORV trails in the Bear Island Unit of the Big Cypress Preserve. Judge Steele found that the NPS' decision was arbitrarily and capricious because the NPS acted without first conducting a review of the environmental impact of the trail openings under NEPA. The NPS argues that Defenders of Wildlife deals with is not applicable in this case because here NPS has agreed to conduct a voluntary NEPA review, however NPS has refused to close the trails in question during the review process.

Contrary to the NPS's argument, Defenders of Wildlife deals with the exact same or similar issues that are being dealt with in this case in the same Big Cypress Preserve. In Defenders of Wildlife, Judge Steele found that the NPS' decision to first reopen the trails and then commit to performing a study on how ORVs impact in the Preserve was not in compliance with NEPA. 877 F. Supp. 2d at 1301.

In this instance, the Court concludes that harm could be caused by leaving the trails open during the NEPA review process. Due to the voluntary nature of the NPS'

review of the 85 miles of secondary trails, the NPS could stop its review at any point in the process and further the NPS could delay the process of completing the NEPA review past the anticipated time frames of winter-spring 2015-2016. Thus, the secondary trails could remain open indefinitely without any review of the trail openings effect on the Preserve.

If the NPS had exercised its authority under the terms of the ORV Plan and closed the 85 miles of new secondary trails during the NEPA review, then this case would most likely be prudentially moot. However, since the NPS declined to close the 85 miles of secondary trails during its voluntary NEPA review, the Preserve could suffer harm during that time frame. As such, the Court can provide meaningful relief by granting an injunction closing the 85 miles of secondary trails if the facts and law warrant. Thus the case is not prudentially moot and the objection that the Report and Recommendation is not based on the relevant case law is overruled.

### (3) *Whether a Stay Should be Issued*

The NPS objects to the Report and Recommendation arguing that it failed to weigh the appropriate factors to be considered in determining whether to apply the doctrine of primary jurisdiction.

The Eleventh Circuit has explained the doctrine of primary jurisdiction as follows:

> Primary jurisdiction is a judicially created doctrine whereby a court of competent jurisdiction may dismiss or stay an action pending a resolution of some portion of the actions by an administrative agency. Even though the court is authorized to adjudicate the claim before it, the primary jurisdiction doctrine comes into play whenever enforcement of the claim requires the resolution of issues which, under a regulatory scheme, have been placed within the special competence of an administrative body; in such a case the judicial process is suspended pending referral of such issues to the administrative body for its views.

8

Smith v. GTE Corp., 236 F.3d 1292, 1298 n. 3 (11th Cir.2001) (internal quotations and citations omitted). There are two main justifications for the rule: (1) the expertise of the agency deferred to; and (2) the need for uniform interpretation of a statute or regulation. Boyes v. Shell Oil Prods. Co., 199 F.3d 1260, 1265 (11th Cir.2000). The United States Supreme Court has made clear that there is no "fixed formula ... for applying the doctrine of primary jurisdiction." Boulaovani v. Unitrin Direct Property & Cas. Co., No. 2:06-cv-143-FtM-29DNF, 2007 WL 951732, *2 -3 (M.D. Fla. Mar. 28, 2007) (citing U.S. v. Western P.R. Co., 352 U.S. 59, 64, 77 S. Ct. 161, 1 L. Ed. 2d 126 (1956)).

The Report and Recommendation used the same rationale to deny the NPS' request for a stay as used in denying the case as prudentially moot.  The NPS has an expertise in determining the impact of the secondary ORV trails on the wildlife and habitat in the Turner River and Corn Dance Units.  However by leaving the trails open without any definite NEPA review, the NPS left the Preserve open to potential damaging impact.  As noted above, the issue is not whether or not to ultimately close or open the 85 miles of secondary trails - that is for the NPS expertise to determine.  Instead, the issue is whether or not the NPS is following the rules and guidelines established by Federal environmental statutes, Federal Regulations, Executive Orders, and EIS review.  The NPS is required to follow the rules so that there can be uniform interpretation of the statutes and regulations.  The Report and Recommendation found that the NPS did not follow the rules and found no grounds for a stay and as such, the Court finds no issue with the Report and Recommendation.   The NPS' objection is overruled.

Accordingly, it is now

9

**ORDERED:**

The Report and Recommendation of United States Magistrate Judge Douglas N. Frazier ([Doc. #41](Doc. #41)) is **ACCEPTED and ADOPTED** as supplemented herein.  The NPS Partial Motion to Dismiss or Alternatively Motion to Stay Plaintiffs' Claims ([Doc. #28](Doc. #28)) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 28th day of May, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record